## MERIDIAN LIGHT & RY. CO. v. WILLIAMS.

[91 South. 863. No. 22577.]

CARRIERS. *In suit for failure to stop for intending passenger, held error to admit testimony as to previous controversy with motorman.*

In a suit for damages for willful failure of a motorman of a street car to stop for intending passenger, it was error to admit testimony on the trial showing the details of a previous controversy between the same motorman and passenger, or the son of the passenger, about a different matter.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHEREE, Judge.

Suit by Mrs. J. L. Williams against the Meridian Light & Railway Company. Judgment for plaintiff, and the defendant appeals. Reversed and remanded.

*Bozeman & Cameron,* for appellant.

The error in the admission by the court below of the details of an alleged controversy between the witnesses A. N. Williams and the conductor, is patent. It is clear that this controversy was wholly between said witness and conductor and in which the plaintiff had no part.

As stated, the incompetency of this testimony is so pat-ent as to hardly require argument. It is purely *res inter alios acta* as far as the plaintiff is concerned. It was not her fuss and she did not participate in it, nor was she the subject of the controversy. The verbal battle was waged entirely between the conductor and the witness, A. N. Williams, and the subject of it was the payment of fare for the witness' child.

If authorities were desired, it would be sufficient to cite the court to the general statements made in elementary works on Evidence. See, for instance, 22 Corpus Juris, 741 et seq. This evidence had no relevancy whatever to the case stated in the declaration. It was no more relevant than was the testimony which was rejected in the case of *Traver v. Smolic,* 43 App. D. C. 150, where it was held that in an action for an assault on a bill collector, testimony that another collector had the door shut in his face by defendant was held inadmissible. Nor was it any more competent than the evidence excluded by the court in the case of *Sabine Valley Tel. Company* v. *Oliver,* 102 S. W. 46, Texas Civ. Ap. 428, in which the court held that it was improper to admit evidence of other acts of legal negligence where a telephone company was sued for fail-ure to deliver a call to the plaintiff.

The general rule is well stated by the supreme court of Georgia in the case of *Merchants National Bank of Rome* v. *Greenwood,* 38 S. E. 826, 113 Ga. 306. In a con-troversy between two persons regarding a given subject-matter, evidence as to what occurred to one of two or any three persons with reference to a similar, though entirely distinct, transaction, was irrelevant.

To the same effect is the language of the South Carolina court, in the case of *Perry* v. *Jefferies*, 39 S. E. 515, 61 S. C. 292. "Evidence of a suit between plaintiff and another party in no way connected with the existing suit properly excluded." This is not, however, as we see it, a matter for the citation of authorities. The evidence is simply not germane to the issues involved in this lawsuit. It was about a matter which in no way concerned the plaintiff. It related to a dispute to which she was a total stranger. It was something with which she has absolutely no concern.

The only other point which I desire to discuss, is the point made by opposing counsel to the effect that the testimony of the row between A. N. Williams and the motor man who drove the street car, was not admissible, I beg to remind the court that the declaration in this case charged that the refusal of the motorman to stop the car and permit the appellee to mount it, was due to the fact that said motorman had had a quarrel with the son of appellee a few hours before the time that the motorman refused to permit appellee to mount the car. No one disputes the fact that the man who refused to stop the car was the same man who had had the quarrel with the son of appellant.

The testimony shows that the appellee and her son were members of the party for whose fare A. N. Williams paid. They were identified in the mind of the motorman as two of the persons who brought a child upon the street car and failed to pay fare for the child when the fare should have been paid. A. N. Williams, the son of appellant and the man who had the quarrel with the motorman, paid the street car fare for the appellee and also the street car fare for Grady Williams. Only a short time had elapsed between the time of the quarrel and the refusal of the motorman to stop the car.

When we remember that one of the vital questions before the jury was whether or not the motorman wilfully refused to stop the car, and whether or not he acted in a

spirit of oppression, and acted through anger, we are forced to the conclusion that the testimony of the quarrel in question, was vital to the interest of the appellee in order that the jury might be able to know the amount of damages to assess, in the event that punitive damages were allowed by the jury. If the motorman did not see the appellee and her son, the jury might have thought him guilty of simple negligence, in which event punitive damages should not have been awarded or the jury may have thought him guilty of gross negligence, in which punitive damages may have been awarded.

Should the jury have thought that the motorman was guilty of nothing more than gross negligence and was guilty of no wilful wrong, no doubt the jury would have awarded a smaller amount of damages than they would have awarded, had the jury been convinced that the motorman was guilty of no wilful wrong.

Without attempting to claim further attention of the court, I humbly submit that this testimony was clearly inadmissible to show the motive of the motorman in failing to stop the car.

No brief of counsel found in the record for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellee, Mrs. J. L. Williams, recovered a judgment against the appellant, Meridian Light & Railway Company, for five hundred dollars as punitive damages for a wilful failure on the part of the appellant to stop one of its street cars and permit the appellee to board it. The railway company appeals from this judgment.

The facts of the case necessary to be stated are as follows: The appellee, Mrs. Williams, in company with her son, A. N. Williams, his wife and children, and another son, Grady Williams, boarded a street car of appellant in Meridian for the purpose of visiting Highland Park in the western part of the city. It seems the conductor was also the motorman of the car, and in collecting the fares

for the ride there arose a dispute between Mr. A. N. Williams and the conductor with reference to the payment of fare for one of Mr. Williams' small children; the dispute being whether the child, six years of age, should be required to pay fare or not. The controversy grew spirited and hot between these parties, and some uncomplimentary language was used by and between them, all of which was in the presence of the entire party of people, some of whom became excited and apprehensive as to how far the quarrel would go, but finally the fare for the six year old child was paid and the matter ended for the time being.

When the appellee, Mrs. Williams, reached the park, she decided to return immediately to the city because of the appearance of the weather and the fact that her son, Grady Williams, had recently been ill and she feared serious results if caught in the rain. So they took the first car back to the city and had to transfer or change cars at an intersecting point before reaching home, and while waiting there to catch a car to finish the journey back to her home a car appeared, and as it approached she and her son hailed the car and made signs to the motorman to stop it, but he wilfully and wantonly failed to stop the car, and appellee and her son ran after the car for a block but were refused admittance thereon. This motorman, it appears from the testimony, was the same motorman with whom Mr. A. N. Williams had had the controversy about paying the fare for the child on the original trip out to the park.

At the trial of the case the court permitted the plaintiff, over the objection of the defendant, to introduce testimony showing the full details of the dispute and controversy between Mr. Williams and the conductor of the car on the trip out to the park with reference to paying the fare for the child. This was prejudicial error for which the judgment of the lower court must be reversed.

We understand the rule has been established and followed in this state for many years that the details of a previous controversy or difficulty between the parties, or

between other connected parties, cannot be given in e
dence in the trial of a subsequent and entirely differ
issue.

It is unnecessary for us to decide at this time whet;
or not the plaintiff should have been permitted to sh
there was a state of ill feeling between the conductor and
Mr. A. N. Williams as showing motive, or bearing on
the credibility of the plaintiff's testimony with reference
to the wilfulness of the conductor in failing to stop his
car, because it may be that it is immaterial whether there
was ill feeling between Mr. Williams and the conductor,
since the appellee, Mrs. Williams, was not concerned in
the prior controversy; and, moreover, it may not be per-
tinent for the reason that, if the motorman was guilty of
wilful and wanton conduct, it was immaterial what reason
prompted him to so act.  But we have no hesitation in
holding that it was error for the court to permit the plain-
tiff to introduce evidence showing the details of the con-
troversy which took place on the car between Mr. Wil-
liams and the conductor as to the child's car fare on the
outgoing trip.  This testimony, no doubt, was damaging
to the defendant's cause, and for this reason the judgment
of the lower court will be reversed, and the case remanded.

*Reversed and remanded.*